# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY QUATTLEBAUM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT CROW, Warden, )<br>)<br>Respondent. ) | Case No. CIV-22-00084-PRW |

## ORDER

Before the Court are United States Magistrate Judge Gary M. Purcell's "Report & Recommendation" (Dkt. 10) and Petitioner's "Motion for Order" (Dkt. 14). For the reasons below, the Court **ADOPTS** Magistrate Judge Purcell's Report & Recommendation and **DISMISSES** Petitioner's § 2254 Petition for a Writ of Habeas Corpus (Dkt. 1).

Petitioner Quattlebaum was convicted of first-degree murder in 1983. He was denied post-conviction relief in state court on two occasions, in 1998 and 2000. On December 20, 2021, Quattlebaum filed for a writ of habeas from this Court pursuant to 28 U.S.C. § 2254. Drawing from the Supreme Court's opinion in *McGirt v. Oklahoma*, Quattlebaum argued that since he was an Indian and his crime was committed in Indian Country, the State of Oklahoma lacked jurisdiction to prosecute or convict him.[1] The Court

---

[1] Quattlebaum also asserted an attendant ineffective-assistance-of-counsel claim based on his counsel's failure to clairvoyantly raise the jurisdictional issue later recognized in *McGirt*.

1

referred this matter to Magistrate Judge Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

On January 28, 2022, Magistrate Judge Purcell issued his Report & Recommendation, in which he concluded that Quattlebaum did not exhaust his available state remedies since he failed to seek post-conviction relief under *McGirt* in state court. Magistrate Judge Purcell recommended the petition be dismissed and informed Quattlebaum of his right to file timely objections. In response, Quattlebaum filed a document labeled "Motion for Order."[2] Upon review, the Court finds no requested relief except the general request that Quattlebaum's petition for habeas relief be granted. The Court therefore treats this "Motion" as Quattlebaum's filed objections to the Report & Recommendation.

In these objections, Quattlebaum repeats conclusory assertions from his petition regarding the State's lack of criminal jurisdiction over him. His one response to Magistrate Judge Purcell's conclusion on exhaustion appears to be that he cannot "consent" to go before a state court and exhaust remedies becase subject-matter jurisdiction cannot be waived and the State did not have subject-matter jurisdiction over his case. But the § 2254 exhaustion requirement contains no exception for jurisdictional claims,[3] so a petitioner

---

[2] Normally, a party has fourteen days to file objections to a magistrate judge's report & recommendation. *See* 28 U.S.C. § 636(b)(1)(C). However, due to a mix-up caused by Quattlebaum's transfer between facilities and the Court initially lacking an updated mailing address for him, the Court extended his time to respond.

[3] *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State . . . lacks jurisdiction over these

must first exhaust state-court remedies even if he brings a *McGirt* claim alleging lack of state jurisdiction.[4] Quattlebaum may avail himself of the State's post-conviction procedure that exists for exactly this purpose. Until he does so, this Court cannot consider his claim.

Accordingly, the Court **ADOPTS** Magistrate Judge Purcell's Report & Recommendation (Dkt. 10) in full, **DENIES** Petitioner's objections (Dkt. 14), **DENIES** the petition for habeas relief (Dkt. 1), and **DENIES** a certificate of appealability.[5]

**IT IS SO ORDERED** this 24th day of March 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

claims—lacks merit."); *see also Largent v. Nunn*, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) (collecting cases), *adopted*, 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020).

[4] *See Graham v. Pettigrew*, 2022 WL 126545, at *2 (W.D. Okla. Jan. 12, 2022) (collecting cases).

[5] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds that a certificate of appealability should not issue.